United States District Court
Southern District of Texas
**ENTERED**
April 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ADONY GUTIERREZ ALVAREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00525 |
| | § | |
| RANDY TATE, *et al.,* | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

At the time the petitioner, Jose Adony Gutierrez Alvarez, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, he was a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Respondents advised the Court that they anticipated removing Petitioner to Honduras on March 25, 2026. Doc. No. 9. Petitioner has not responded to the advisory to challenge his removal. The publicly available ICE Locator website indicates that Petitioner is no longer in custody, and Petitioner does not contest that he has been removed and that this case is now moot.

Because the petitioner is no longer in custody and no controversy remains, his petition must be dismissed as moot. *See Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998) (holding that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution" because "[t]he parties must continue to have a 'personal

1 / 2

stake in the outcome' of the lawsuit'") (quoting *Lewis v. Cont'l Bank Corp.*, 110 S. Ct. 1249, 1254 (1990)).

Therefore, the Court **ORDERS** as follows:

1. This habeas petition is **DISMISSED** without prejudice as **MOOT.**

2. This case is **CLOSED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED on this _____28th_____ day of April 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2